13-2376-pr
Matthews v. Raymond

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**AMENDED SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of July, two thousand fourteen.

PRESENT: CHESTER J. STRAUB,
ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

------------------------------------------------------------------

LONNIE MATTHEWS,

*Petitioner-Appellant,*

v.                                            No. 13-2376-pr

JAMES RAYMOND, Acting Superintendent,
Walkill Facility, and ERIC T. SCHNEIDERMAN,
New York State Attorney General,

*Respondents-Appellees.*

------------------------------------------------------------------

1

FOR APPELLANT:     SHEILAH FERNANDEZ, The Legal Aid Society, New York, NY.

FOR APPELLEES:     RUTH E. ROSS, Assistant District Attorney (Leonard Joblove, Victor Barall, Assistant District Attorneys, *on the brief*), *for* Kenneth P. Thompson, District Attorney, Kings County, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Petitioner-appellant Lonnie Matthews challenges the District Court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks relief from a 2006 New York State court conviction, following a bench trial, for burglary in the second degree. The District Court granted a certificate of appealability on the issue of whether Matthews received ineffective assistance of counsel, in violation of the Sixth Amendment, due to his attorney's failure to present an alibi defense at trial. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review <u>de novo</u> the District Court's decision to deny habeas relief. <u>Hawthorne v. Schneiderman</u>, 695 F.3d 192, 195 (2d Cir. 2012), <u>cert. denied</u>, 133 S. Ct. 2338 (2013). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), our review is "highly deferential" to the State court's adjudication of a federal claim on the merits. <u>Hardy v. Cross</u>, 132 S. Ct. 490, 491 (2011). We may grant habeas relief only if the State court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by

the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

Matthews contends that no deference is due to the State court here because it adopted a standard contrary to Strickland v. Washington, 466 U.S. 668 (1984), in evaluating his ineffective assistance of counsel claim.  The State court ruled that Matthews' ineffective assistance of counsel claim failed for two independent reasons: (1) because Matthews "ha[d] not established by a preponderance of the evidence that he did not receive meaningful representation" and (2) because Matthews "ha[d] not established by a preponderance of the evidence . . . that the verdict would have been more favorable to the defendant if the 'quasi-alibi' defense ha[d] been presented."

The State court's first reason is an application of the State "meaningful representation" test for ineffectiveness under People v. Baldi, 54 N.Y.2d 137, 147 (1981).  "[W]e have recognized that the New York 'meaningful representation' standard is not contrary to the Strickland standard."  Rosario v. Ercole, 601 F.3d 118, 124 (2d Cir. 2010).  We therefore owe deference to the State court's conclusion that Matthews was provided meaningful representation, and we need not address the State court's second rationale.[1]

---

[1] Although not entirely clear, the State court seems to have required that Matthews prove by a preponderance of the evidence that he had been prejudiced by his counsel's error.  People v. Matthews, Decision & Order No. 1443/05 (N.Y. Sup. Ct. Kings Cnty. Mar. 23, 2009), Sp. App'x, at 1.  This standard of proof, which appears to be required by New York law, see N.Y. Crim. Proc. Law § 440.30(6), can be seen to be in tension with Strickland's requirement that petitioners need only show a "reasonable probability" of prejudice, see Williams v. Taylor, 529 U.S. 362, 405–06 (2000) (stating that it would be "contrary to" Strickland to require a petitioner to establish prejudice by a preponderance of the

To prevail on an ineffective assistance claim, Matthews must show that his counsel's performance fell below an objective standard of reasonableness and that the deficiency prejudiced his defense. Strickland, 466 U.S. at 687; Cardoza v. Rock, 731 F.3d 169, 178 (2d Cir. 2013). "Actions and/or omissions taken by counsel for strategic purposes generally do not constitute ineffective assistance of counsel." Gibbons v. Savage, 555 F.3d 112, 122 (2d Cir. 2009) (citing Strickland, 466 U.S. at 690–91). Our review is therefore "doubly deferential." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011). "We take a 'highly deferential' look at counsel's performance, through the 'deferential lens of § 2254(d).'" Id. (citations omitted).

Department of Corrections documents place Matthews in downtown Brooklyn, approximately 3.5 miles away from the crime scene, just 75 to 100 minutes before the burglary was committed. This gave him very little time to reach the crime scene, acquire the burglary tools later found in the apartment, pick up the bicycle he would later use to flee the scene, circumvent the locks on the outside of the building and on the door to the second-floor apartment without leaving signs of forced entry, and locate and take possession of the victim's jewelry box and two laptop computers in the victim's apartment. Although these feats are not beyond the realm of physical possibility, an alibi defense based on this evidence, even without testimony from the defendant, might well have raised substantial doubts in the mind of the judge, as trier of the facts here, as to Matthews' guilt.

Nevertheless, even if we thought that the failure to pursue this alibi

evidence). But we are bound by this Court's prior case law holding that the meaningful representation test, properly applied under New York law, is not "contrary to" Strickland.

defense fell short of the bar set in <u>Strickland</u>, we must defer to the judgment of the State court so long as "fairminded jurists could disagree" as to the proper application of precedent.  <u>Harrington v. Richter</u>, 131 S. Ct. 770, 786 (2011); <u>accord</u> <u>Hawthorne</u>, 695 F.3d at 196.  Defense counsel stated that he declined to pursue the alibi because the evidence did not conclusively establish Matthews' innocence and because it could supply a possible motive for the burglary.  Even if we were of the view that counsel erred and that this justification did not amount to a reasonable trial strategy in light of the alibi's exculpatory value, we cannot conclude in the face of the contrary State court judgment that any and all "fairminded jurists" would agree.  <u>Harrington</u>, 131 S. Ct. at 786.  We therefore conclude, as we must, that Matthews' habeas petition was properly denied.

We have considered Matthews' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

5